*96
SUMMARY ORDER

Petitioner Li Qin Zhou, a citizen of China, seeks review of a July 11, 2008 order of the Board of Immigration Appeals (“BIA”) denying her application for relief under the Convention Against Torture (“CAT”). In re Li Qin Zhou, No. A79 417 352 (B.I.A. July 11, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA issues an independent decision on remand from this Court, the Court reviews the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). This Court reviews the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As an initial matter, because Zhou has failed to sufficiently challenge the agency’s denial of her claims based on her fear of loan sharks and China’s coercive family planning policies, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem these arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
With respect to Zhou’s claim that she would be subject to torture in China on the basis of her illegal departure, we find that substantial evidence supports the agency’s denial of Zhou’s application for CAT relief. This Court has expressly held that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir. 2003). We have explained that “[w]ere such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief. Neither the CAT, nor the domestic regulations implementing that Convention, anticipate or require such a result.” Mu Xiang Lin, 432 F.3d at 160.
Here, Zhou provided no basis for the agency to conclude that she, or someone in her “particular alleged circumstances,” faces an elevated risk of persecution or torture. See Mu-Xing Wang, 320 F.3d at 143-44. Therefore, as Zhou failed to provide the particularized evidence necessary to demonstrate eligibility for CAT relief, see Mu Xiang Lin, 432 F.3d at 160, substantial evidence supports the agency’s conclusion that she failed to meet the high burden of proof for establishing eligibility for CAT relief. See Mu-Xing Wang, 320 F.3d at 143-44.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).